UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF CROSBY TUGS, LLC and WEBB<br>CROSBY, LLC | CIVIL ACTION<br><br>NO: 02-1125 C/W<br>02-1222 & 03-988<br><br>SECTION: "A"(1) |

## ORDER AND REASONS

Before the Court is a **Motion to Cancel Ad Interim Stipulation (Rec. Doc. 462)**, filed by Crosby Tugs, LLC and Webb Crosby, LLC.  BP Oil Pipeline Company ("BP"), American Guarantee Liability Insurance Company ("American Guarantee"), and Murphy Oil Company, USA, Inc. ("Murphy Oil") oppose the motion.  The motion, set for hearing on April 5, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is **DENIED**.

On September 16, 2002, Crosby Tugs, LLC and Webb Crosby, LLC filed an Ad Interim Stipulation in the record of these proceedings, seeking limitation of liability.  During the trial of the matter, Crosby Tugs LLC and Webb Crosby LLC renounced their limitation of liability defense.  Thus, they argue that there is no longer a reason to require that security be posted in this action.  They further argue that there is no requirement under law that Crosby post security

in its only remaining capacity in this litigation– as a defendant. To avoid further payment on the bond, they request that it be cancelled retroactive to April 18, 2005, the date the limitation action was dismissed.

BP, American Guarantee, and Murphy Oil, oppose, arguing that the ad interim stipulation should not be cancelled because Crosby has availed itself of the benefits of the limitation procedure. They argue that it did so by securing an injunction against litigation in other forums, forcing all claimants to file claims in these proceedings or have their claims barred, and avoiding seizure of the M/V WEBB CROSBY by quickly instituting the limitation proceeding. They contend that Crosby took full advantage of the forum selection and consolidation of actions features of the Limitation Act, along with waiver of jury trial, and only during the trial did it make the tactical decision to waive assertion of limitation of liability. Further, they contend that Crosby continues to assert exoneration.

BP, American Guarantee, and Murphy Oil also point out that Crosby cites no jurisprudence or rule supporting its request for release of security. They further argue that by filing limitation and posting security, Crosby avoided the prospect of having its vessel seized. Had the vessel been seized, it would not be subject to unilateral withdrawal by Crosby. According to BP, American Guarantee, and Murphy Oil, Crosby sold the M/V WEBB CROSBY and allowed it to leave U.S. waters without providing any notice to the claimants of the impending sale. They suggest that following Crosby's position would allow a shipowner to file for limitation of liability, secure its limitation defense, let the vessel sail into the sunset, and then cancel the ad interim stipulation and deprive claimants of any security for their claim. They

argue that this is patently unfair and that they have the right to demand security up to the value of the vessel. They also contend that having security posted will ensure that Crosby has the incentive to expeditiously proceed with the damages portion of the case.

The Court has found Crosby to be 50 percent at fault. (See Opinion, Rec. Doc. 421). This matter is on appeal. The Court sees no reason why the ad interim stipulation should be cancelled.

ACCORDINGLY,

**IT IS ORDERED** that the **Motion to Cancel Ad Interim Stipulation (Rec. Doc. 462)** is **DENIED**.

New Orleans, Louisiana, this 1st day of May, 2006.

```
                              _____
                              United States District Judge
                              Jay C. Zainey
```